UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-79-DLB

RICHARD PATTON, JR.                                                                 PLAINTIFF

v.                          MEMORANDUM OPINION AND ORDER

AUTUMN LAWSON, et al.                                                           DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Richard Patton, Jr. is a federal prisoner who was previously incarcerated at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Patton filed a civil rights Complaint with this Court. (Doc. # 1). In his Complaint, Patton alleges that several prison officials used excessive force against him and displayed a deliberate indifference to his serious medical needs in violation of his constitutional rights. Patton lists five prison employees as Defendants: (1) Nurse Autumn Lawson, (2) Nurse Kathy Miracle, (3) Nurse Adam Morrow, (4) Lieutenant D. Weiss, and (5) Lieutenant B. Messer. Patton indicates that he is seeking money damages against each defendant in his or her individual capacity, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*See* Doc. # 1 at 1-2 and 12).

In response to Patton's Complaint, Defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment, and they argue that Patton's *Bivens* claims are untimely. (Doc. # 20). According to Defendants, Patton had one year to bring his *Bivens* claims in federal court and failed to do so. (*See id.*). They argue that the clock started running on Patton's *Bivens* claims on October 31, 2018, but he did not file this

1

civil action until April of 2020, more than five months too late. (*See id.*). Therefore, Defendants argue that Patton's claims are time barred. (*See id.*). Since the parties have fully briefed Defendants' motion (*see* Docs. # 27 and 28), it is ripe for a decision from this Court.

The Court will deny Defendants' motion. Considering the time Patton spent fully exhausting his administrative remedies under the Bureau of Prisons' (BOP's) multi-step Inmate Grievance Program, Defendants have not demonstrated in any clear way that his *Bivens* claims are untimely.

As an initial matter, Defendants are correct that Patton had one year to bring his *Bivens* claims in federal court. *See Coleman v. Arrington*, No. 7:19-cv-028-KKC, at Doc. # 29 at 2 (E.D. Ky. Sept. 30, 2019) (explaining this point); *see also Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). Patton also does not dispute that he is complaining of conduct that occurred on or around October 31, 2018, and that his present Complaint was not docketed with this Court until April 6, 2020. (*See* Doc. # 1).

That said, the United States Court of Appeals for the Sixth Circuit has made it clear that the applicable limitations period is tolled while a prisoner pursues his administrative remedies, *see, e.g., Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012), and, here, Defendants concede that Patton exhausted that process. (*See* Doc. # 20-1 at 2-4 and 7). Indeed, the record shows that Patton completed a BP-9 Form, dated November 27, 2018, and filed it with the Warden no later than December 11, 2018. (*See* Doc. # 20-2 at 2 and 75). Then, after the Warden responded, Patton completed an appeal via a BP-10 Form, which he filed with the applicable BOP Regional Office. (*See id.* at 2-3, 73, and 76). Once the Regional Office denied his appeal, Patton completed a BP-11 Form and

2

filed it with the BOP's Central Office. (*See id.* at 3, 72, and 74). The Central Office then sent Patton an informational response on June 10, 2019, completing the administrative grievance process. (*See id.* at 4 and 66). Thus, in the end, it took Patton at least six months to fully exhaust his administrative remedies. Since the applicable limitations period was tolled during that time, *see Surles*, 678 F.3d at 458, Defendants have not demonstrated that Patton filed his civil rights Complaint too late.

Defendants nevertheless argue that Patton should "not receive a blanket approximate six month tolling period from December 11, 2018 (when he filed his BP-9) through June 10, 2019 (when the denial of his BP-11 was filed)." (Doc. # 20-1 at 8). Instead, Defendants claim that "[t]olling is only applicable during the time period in which an inmate is *actively exhausting* his administrative remedies," and, in this case, they interpret that to mean only those time periods when Patton's administrative remedy requests were pending with the Warden, BOP's Regional Office, and BOP's Central Office. (*Id.*). In other words, Defendants argue that Patton should only receive credit for the twenty-two days he was waiting on a response from the Warden, thirty-four days he was waiting on a response from the Regional Office, and forty-two days he was waiting on a response from the Central Office, for a total of 98 days, rather than six months. (*See id.*).

Defendants' argument is unavailing. To be sure, there is case law suggesting that tolling only applies while an inmate is diligently pursuing his administrative remedies. *See, e.g, Smallwood v. United States*, No. 10-260-GFVT, 2015 WL 770363, at *5 (E.D. Ky. Feb. 23, 2015). But Defendants cite no legal authority suggesting that tolling is only limited to those dates when a BP-9, BP-10, or BP-11 Form is pending with the BOP, and such a position is actually inconsistent with the law and fails to account for relevant time periods. Indeed, Defendants overlook the fact that Patton was entitled to time to prepare

3

and file each of his grievance forms, *see* 28 C.F.R. §§ 542.14, 542.15, and that he utilized that time as a necessary part of the grievance process.  Notably, there is no indication in the record that the BOP considered any of Patton's submissions to be untimely; if anything, it appears that Patton simply moved from one step in the process to the next, with the relevant BOP official responding each time, just as the regulations contemplate.  In short, Defendants' argument regarding tolling is misplaced, and they have not established in any clear way that Patton failed to act diligently in pursuing his administrative remedies.

In sum, having fully reviewed the parties' arguments and submissions to date, Defendants have not demonstrated that Patton's *Bivens* claims are untimely.  Therefore, the Court will deny Defendants' dispositive motion at this time and refer this matter to a Magistrate Judge for further proceedings.

Accordingly, it is **ORDERED** as follows:

(1)    Defendants' motion to dismiss or, in the alternative, motion for summary judgment (Doc. # 20) is **DENIED**;

(2)    Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a Magistrate Judge for further proceedings, including, but not limited to, the entering of a pretrial discovery schedule and the preparation of a report and recommendation on any dispositive motions;

(3)    In connection with such referral, the Magistrate Judge is authorized to conduct all pretrial and status conferences, to hold all hearings as may be required, and to rule on non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985).  Motions in *limine* will be referred by the Clerk of this Court to the undersigned.  Subject to other provisions of law,

the final pretrial conference and trial will also be before the undersigned, unless the parties consent to a trial by a Magistrate Judge pursuant to 28 U.S.C. § 636(c); and

    (4)    The Clerk of the Court shall randomly **ASSIGN** this matter to a Magistrate Judge as set forth herein.

This 10th day of February, 2021.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\6-20-79 MOO.docx